# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

CARL CRAFT                                                **PETITIONER**

**V.**                                              **NO. 2:06CR154-MPM**

**UNITED STATES OF AMERICA**                        **RESPONDENT**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the Petitioner's motion to vacate his conviction and sentence under to 28 U.S.C. § 2255. The Government has responded, the Petitioner has replied and this matter is now ripe for review.

### A. *Factual and Procedural Background*

On September 5, 2007, Carl Craft pled guilty to knowingly possessing implements suited for making counterfeit securities in violation of 18 U.S.C. § 513(b). The Petitioner was sentence to 60 months imprisonment. An appeal was perfected wherein the Petitioner challenged the legality of his sentence as unreasonable. Craft's sentence was affirmed on August 13, 2008. Craft filed his 2255 petition on March 30, 2009, asserting essentially two grounds for relief:

Ground One     The sentence imposed was unreasonable.

Ground Two     Ineffective assistance of counsel based upon,
                             a. the failure to cross examine a witness at sentencing;
                             b. the failure to advise the Petitioner regarding the guilty plea;
                             c. failure to be prepared at sentencing; and
                             d. failure to advance the Petitioner's cause on appeal.

## B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d

787, 791 (5th Cir. 2004).

## C.  Discussion

### Ground One

In Ground One, Craft claims that the sentence imposed was unreasonable.  This precise argument was raised, considered and rejected by the Fifth Circuit Court of Appeals.  Accordingly, Petitioner's Ground One is barred from further consideration.

### Ground Two

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.  *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).  In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed.  *Id.* at 687.

The court must apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689.  If the defendant can show that counsel's performance was deficient, then under the prejudice

prong of *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### a. Failure to call Witnesses during Sentencing

The Petitioner argues that his attorney rendered ineffective assistance by failing to cross-examine codefendant Nicola Broady during the penalty phase. In support thereof, Craft suggests that Broady's testimony could have been "more defined" if counsel had chosen to cross-examine her. Craft contends that his attorney should have essentially attacked the character and credibility of Broady. The theory culminates with Craft's conclusion that his sentence would have been less harsh if counsel had cross-examined Broady. Secondly, Craft argues generally that counsel failed to call any witnesses to testify favorably on his behalf.

Post-conviction claims of uncalled witnesses are viewed with skepticism. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Claims of this nature require the court to engage in too much speculation as to the testimony of an uncalled witness. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). The decision to present witness testimony is essentially trial strategy and thus within counsel's domain. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). For a petitioner to prevail with an uncalled-witness claim, he must show that the testimony would have been favorable. *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

Counsel's refusal to cross-examine Ms. Broady falls within the ambit of sound trial strategy. Craft has done nothing to overcome the presumption of reasonableness afforded to his attorney's decision not to question the codefendant. As for the general claim of failure to present mitigating evidence or witnesses, it too is unavailing. Even assuming that counsel's failure in this regard was deficient, Craft would also have to show that the deficiency resulted in some prejudice to him. To

satisfy this burden, Craft points to the upward sentencing departure. There is, however, nothing in the record to suggest the court would have considered a less severe sentence given Craft's criminal history, his leadership role in the criminal scheme, and his probationary status while the underlying crimes were committed. Therefore, Craft cannot show that he suffered any prejudice from counsel's failure to submit mitigating testimony during the penalty phase. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

### b. Failure to Advise the Petitioner regarding the Guilty Plea

Craft attacks the validity of the plea agreement by attempting to cast doubt upon counsel's advice. Specifically, Craft argues that his attorney "coerced him into pleading guilty" by explaining that he would receive a two level reduction, under the Sentencing Guidelines, for acceptance of responsibility.[1] *See* U.S.S.G. §3E1.1. Next, Craft claims that his attorney never explained the plea process or the possible exposure he faced for the imposition of sentence enhancements.[2] Finally, Craft avers that the government promised him leniency in exchange for the plea. For all of these reasons, Craft submits that the guilty plea should be considered involuntary.

Unfortunately for Craft, each of his assertions is contradicted by the record and his own sworn statements. At his change of plea hearing, Craft admitted, under oath, that he had fully discussed the charges against him with his attorney. He agreed that he was fully satisfied with the representation he had received. Craft stated that no one had attempted to force him to plead guilty and that he was pleading guilty because he was in fact guilty. The court ensured that Craft understood his rights and that by pleading guilty he was giving up these rights. Craft acknowledged

---

[1] Craft had a criminal history category of IV and a total offense level of 13.

[2] Craft's sentence was enhanced for his leadership role in the underlying offense.

that he understood and that he still intended to enter a guilty plea. He was advised that the maximum term of imprisonment was ten years. Craft even signed an acknowledgment that no promise or representation was made to him as to the punishment that might be imposed. Craft stated that he understood that the sentence imposed might be different that any estimate made by his attorney. He further acknowledged that the court could impose a sentence more sever than the that called for by the Sentencing Guidelines.

The plea colloquy clearly shows that Craft had been informed of the plea process. The possibility of sentence enhancements was also disclosed to him during the colloquy and Craft indicated he understood. Contrary to his current assertions, Craft acknowledged that no one had promised him anything in exchange for his plea agreement. In addition, Craft did in fact receive a three level offense reduction for acceptance of responsibility. Given Craft's admissions and acknowledgments in open court, his claims in the face of these sworn statements are insufficient to show that his plea was not voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Defense counsel's representation was, therefore, not deficient.

### c. Failure to be Prepared at Sentencing

In support of this claim, Craft states that defense counsel failed to investigate and present any mitigating evidence during the penalty phase.[3] Craft takes issue with counsel's failure to offer proof showing Craft's employment history; that he owned his own business for fourteen years and had eight years in the carpet business; that he attended college; and, that he has been "married almost twenty years."

---

[3] Craft also, again, referred to defense counsel's failure to cross examine the government's witness during the sentencing hearing. This issue was previously addressed and found to be without merit.

Craft, however, does not appreciate that all of this information was provided to the court in the presentence report. Indeed, most of this information was provided to investigators by Craft. Counsel's failure to present redundant evidence or proof cannot be deemed deficient performance. Rather, counsel's decision to forgo proffering facts or evidence already before the court falls within the category of sound strategy.[4]

### d. Failure to Advance the Petitioner's Cause on Appeal

Finally, Craft assigns error his counsel for appeal. Craft devotes some time to handpicking sentences and phrases from the appellate brief in an attempt to show that counsel somehow agreed that the sentence imposed was reasonable. Having reviewed the records including the appellate brief, the court finds that Craft's argument has no merit. The appellate brief included well reasoned argument intended to cast doubt upon the reasonableness of Craft's sentence. Simply put Craft is grasping at straws.

### D. Conclusion

For all the foregoing reason, Craft's motion shall be denied. The claims neither singularly nor collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 30th day of July 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[4] Craft claims that he has been married almost twenty years. The presentence report does not support his contention. The report shows that Craft was married and divorced twice. The total number of years he was married is greater than twenty but not to the same woman.